IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Manly Howell Hook, | ) | |
| | ) | Civil Action No. 6:14-cv-1311 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Manly Howell Hook ("Hook"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 25).[1] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Hook has filed objections to the Report (ECF No. 26), and the Commissioner has responded to those objections (ECF No. 28). Accordingly, this matter is now ripe for review.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## BACKGROUND

Hook applied for DIB and SSI on June 22, 2009, alleging disability beginning on January 1, 2009. Hook's application was denied initially and on reconsideration. On September 29, 2011, an Administrative Law Judge ("ALJ") heard testimony from Hook and a vocational expert. On October 13, 2011, the ALJ issued a decision approving Hook's claim with an amended onset date of May 28, 2009.

On October 18, 2012, the Appeals Council remanded the case on its own motion because it found the ALJ's decision unsupported by substantial evidence. On May 29, 2013, a different ALJ held a hearing, at which Hook and a vocational expert testified. On August 8, 2013, the ALJ issued a decision denying Hook's claim. In his decision, the ALJ found that Hook suffered from the following severe impairments: degenerative joint disease and obesity. (ECF No. 25 at 2). The ALJ found that, despite Hook's limitations, jobs existed in significant numbers in the national economy that he could perform. (ECF No. 25 at 3). Hook sought review of his case by the Appeals Council. The Appeals Council denied Hook's request for review, making the ALJ's decision the final decision of the Commissioner. This action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review,

the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

Hook has made two specific objections to the Report. First, Hook contends that the ALJ should not have considered the fact that he sought treatment for other non-disabling ailments and did not seek medical treatment for his right hip degenerative joint disease for over two years. (ECF No. 26). He contends that the ALJ focused on the inconsistencies between the opinions of the medical professionals who saw Hook for his impairment to his hip and the lack of medical treatment for his hip, while the ALJ should have focused on the consistencies between the two medical opinions to give greater weight to Dr. R. Vaughn Massie's ("Dr. Massie") opinion. (ECF No. 26 at 6).

By way of background, Hook contends that his degenerative joint disease and obesity are disabling such that he can no longer work. In 2009, Hook was fired from his job for a reason unrelated to his impairments. Four months after being fired from his job, he sought treatment for his hip, and he filed for disability four days after that appointment. A year and a half later, Hook sought additional treatment for his hip impairment; the nurse practitioner prescribed Ibuprofen,

3

and he reported that it helped ease the pain. Shortly prior to the hearing before the first ALJ, Hook stopped seeking medical treatment for his degenerative joint disease, and he did not seek medical treatment for his hip through the time of the second ALJ decision—a span of time of over two years. However, during that two year time span, Hook, who has Medicaid, sought medical treatment for other non-disabling ailments. Hook did not mention any problems with his hip during those medical visits. As thoroughly discussed by the magistrate judge, the ALJ properly considered this medical evidence.

The ALJ gave Dr. Massie's opinion little weight. (ECF No. 10-2 at 26). On December 22, 2009, Dr. Massie completed a check box form, on which he opined that Hook would likely miss between six to ten days of work per month due to his impairments and that Hook's bad days may make it so he is unable to work at all. (ECF No. 10-2 at 26). The ALJ found that this opinion was inconsistent with the medical record and specifically discussed the inconsistencies. (ECF No. 10-2 at 26). Hook contends that the ALJ focused too much on the inconsistencies and failed to consider the consistencies that Dr. Massie's opinion had with Dr. Vasant Garde ("Dr. Garde"). Hook claims that both physicians found that he would need to take frequent rests and change positions during an eight-hour work day. (ECF No. 26 at 6). However, the opinions of the two medical professionals were not necessarily consistent: Dr. Massie indicated that Hook would miss work for several days a month and needed to lie down occasionally, while Dr. Garde did not indicate those work-preclusive limitations. Thus, this objection is unpersuasive. In sum, the court finds that the ALJ properly considered Dr. Massie's opinion in light of the entire medical record, and the weight afforded to that opinion is supported by substantial evidence.

Second, Hook asserts that his case should be remanded to the ALJ so that the ALJ can ask the vocational expert ("VE") whether the jobs available in the national economy could be

4

performed with a sit/stand option. (ECF No. 26 at 1–5). The VE stated that Hook is able to perform the following jobs: information clerk, ticket checker, and order clerk (food and beverage). (ECF No. 10-2 at 30). The ALJ did not ask the vocational expert whether Hook could perform those jobs with a sit/stand option. (ECF No. 26). Dr. Garde opined that Hook could sit at most for sixty minutes at a time and stand for at most ten minutes at a time.

The ALJ gave great (but not controlling) weight to Dr. Garde's opinions. The ALJ agreed with Dr. Garde's opinion that Hook could lift up to ten pounds, stand for two hours, walk for one hour, and sit for six hours; use public transportation; care for his own personal needs; walk without an assistive device and at a reasonable pace on rough or uneven surfaces; occasionally climb ramps or stairs, and stoop; and climb a few steps with the use of a handrail. (ECF No. 25 at 13). The ALJ did not agree with all of Dr. Garde's opinions, including the sit/stand option. For example, the ALJ found more significant postural limitations than Dr. Garde and limited Hook to jobs that do not require climbing ladders, ropes, or scaffolds or kneeling, crouching, or crawling, while Dr. Garde found Hook could do these occasionally. Additionally, the ALJ limited Hook to occasional balancing, whereas Dr. Garde found he could balance continuously, and the ALJ found environmental limitations not found by Dr. Garde. As is evident, the ALJ did not accept many of Dr. Garde's opinions. The ALJ fully weighed evidence and addressed the impact that Hook's severe impairments had on his daily life, and the court finds that the weight afforded is supported by substantial evidence.

As the magistrate judge properly found, even if the ALJ erred by not considering the sit/stand option, Hook has failed to show that it would have affected the result. *See Seaward v. Colvin*, No. 12-3517, 2014 WL 5797716, at *8 (D. Md. Nov. 6, 2014) ("[T]he burden is on the party attacking an agency's determination to show that prejudice resulted from the error."

(citations omitted)); *see also Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (finding error harmless when the ALJ would have reached the same decision); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." (citations omitted)).  Dr. Garde opined that Hook could stand a total of two hours and sit for six hours in an eight-hour day, which is all that is required to perform sedentary work, and therefore, his opinion did not preclude sedentary work.  (ECF No. 25 at 14–15).  Moreover, as acknowledged by the magistrate judge, Hook has failed to show that any of these jobs cannot be performed with a sit/stand option.  *See, e.g.*, *Duncan v. Colvin*, No. 2:13-CV-00028, 2014 WL 4955705, at *2 (W.D. Va. Oct. 1, 2014) (magistrate judge) (ticket checker can be performed with a sit/stand option); *Neal v. Astrue*, No. 09-2316, 2010 WL 1759582, at *3 (D. Md. Apr. 29, 2010) (order clerk can be performed with a sit/stand option); *Catterton v. Astrue*, No. 10-083, 2011 WL 5593074, at *3 (W.D. Va. Nov. 17, 2011) (magistrate judge) (information clerk can be performed with a sit/stand option).  Therefore, even assuming that the ALJ erred by failing to ask the VE about a sit/stand option, Hook has failed to show that any error was prejudicial, and, thus, the court finds this objection unpersuasive.

## CONCLUSION

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Hook's impairments, arguments, and functional capacity.  Likewise, the magistrate judge considered each of Hook's arguments and properly addressed each in turn, finding them without merit.  The court finds no basis for disturbing the Report.  Accordingly, the court adopts the Report and its recommended disposition.  Therefore, for the reasons set out above and in the Report, the

Commissioner's final decision is **AFFIRMED.**

  **IT IS SO ORDERED.**

                 s/Timothy M. Cain
                 United States District Judge

Anderson, South Carolina
August 31, 2015